UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
INITIAL REALTY COMPANY,          )
ET AL.,                          )
        Plaintiffs               )
                                 )
             v.                  )  C.A. NO. 08-cv-30235-MAP
                                 )
SALLY HERMAN, AS TEMPORARY       )
EXECUTRIX FOR THE ESTATE OF      )
STEPHEN COOPERMAN,               )
        Defendant                )
```

MEMORANDUM AND ORDER REGARDING
LISA MINOR'S MOTION TO DISMISS
(Dkt. No. 18)

March 25, 2010

PONSOR, D.J.

I. INTRODUCTION

Lisa Minor, one of several general partners in the Plaintiff real estate partnerships, has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging absence of complete diversity. (Dkt. No. 18.) Plaintiffs and Defendant Estate of Stephen Cooperman have opposed Minor's motion. The court on March 23, 2010 denied Minor's motion by marginal notation. This memorandum will set forth the court's reasons for its ruling.

II. FACTS

At the heart of this litigation are six family-run real estate partnerships. Four of them, Initial Realty Company

("Initial"), Sons Realty Company ("Sons"), P&S Realty Company ("P&S"), and Flatlands Management Company ("Flatlands"), are plaintiffs in this action. Two others, Queens Syndicate Company ("Queens") and Combo Stores Company ("Combo") are plaintiffs in a separate action also before this court, <u>Queens Syndicate Co. v. Herman</u>, 08-cv-30095-MAP. Stephen Cooperman formally took over management of all the partnerships from his mother in 2000. After his death in 2008, a review of the partnerships' records revealed evidence that, among other things, he had been paying substantial personal expenses with partnership funds. Litigation followed in New York and Massachusetts state courts and in this federal court.

    In early 2009 the parties entered into settlement negotiations in New York City aimed at resolving all (or virtually all) the disputes among them. Lisa Minor was represented by counsel throughout these negotiations, which were ultimately successful. On February 27, 2009, all relevant parties executed a Mediation Settlement Agreement requiring, among other things, that the settling parties sign the typical mutual releases of liability. It is undisputed that Lisa Minor personally signed the Agreement multiple times agreeing to do this. (<u>See</u> Dkt. No. 29 in 08-cv-30095, Ex. A, Mediation Settlement Agreement at 4.)

Following notification of the settlement, and at the parties' request, the court on March 23, 2009 issued a standard sixty-day settlement order of dismissal of this case and the related lawsuit, 08-cv-30095. (Dkt. No. 9.)

On May 28, 2009, after Minor refused, despite her agreement, to sign the mutual releases, Plaintiffs filed a motion to enforce the settlement.  (Dkt. No. 29 in 08-cv-30095.)  When Minor failed to file any opposition, the court on June 12, 2009 allowed the motion to enforce.  Almost two months later, on August 7, 2009, Minor filed a motion to vacate the enforcement ruling (Dkt. No. 31 in 08-cv-30095). On February 25, 2010 the court denied this motion as well, issuing a memorandum on March 9, 2010 setting forth its reasons.  (Dkt. No. 44 in 08-cv-30095.)

On March 16, 2010 Minor filed a motion to stay execution of the court's enforcement order, this time accompanying it with the motion now before this court, seeking to dismiss this entire action for lack of subject matter jurisdiction.  (Dkt. Nos. 18 and 20.)  On March 23, 2010 the court denied both motions by marginal notation, indicating that this memorandum would follow.

### III. DISCUSSION

In support of her motion to dismiss Minor now argues that "this court does not have original subject matter

jurisdiction based on diversity jurisdiction because the Cooperman Estate is a partner in the plaintiff partnerships and [is] the named defendant." (Dkt. No. 19 at 5.)  It is undisputed that Stephen Cooperman, during his life, was a general partner in all the Plaintiff real estate partnerships.  If, after his death, his estate stepped into his shoes and assumed the status of a partner in these entities, and thereby became a plaintiff in this case, then (the argument runs) diversity of citizenship would be destroyed.  With two citizens of Massachusetts (i.e., the Cooperman estate in its role as partner in the plaintiff partnerships and in its role as defendant) on opposite sides of the litigation here, the necessary complete diversity would evaporate.  Since there is no independent federal question jurisdiction to anchor the court's authority, the case would have to be dismissed.

The motion is imaginative but unsound.  It is true that the citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members.  Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir 2006).  See also, Halleran v. Hoffman, 966 F.2d 45, 47 (1st Cir. 1992).

It is not true, however, that the estate of Stephen Cooperman automatically assumed Cooperman's status as a

general partner of the plaintiff real estate partnerships upon his death.  First, Minor has pointed to no provision in the documents governing the partnerships contemplating such a metamorphosis.  Second, New York law does not give the estate of a general partner any such automatic general partner status.  See, e.g., Birnbaum v. Birnbaum, 157 A.D.2d 177, 186 (N.Y. App. Div. 1990) ("the Surrogate properly rejected the estate's claim that it is entitled to a general partnership interest" in the limited partnership).

It is true that, for certain purposes, the estate of a deceased partner may be afforded "all the rights of a limited partner <u>for the purpose of settling his estate</u>" but in these circumstances the estate does not actually become a partner for jurisdictional purposes.  United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp., 907 F. Supp. 663, 669 (S.D.N.Y. 1995) (interpreting NY Partnership Law § 110(1)) (emphasis supplied).  See also Burstein v. Central Hudson Associates, 244 A.D.2d 174 (N.Y.A.D. 1997).

The fact that some of the partnerships' tax filings list the Cooperman estate as a <u>limited</u> partner for tax purposes is not dispositive of the question of the estate's status for jurisdictional purposes.  New York law is clear that, when a limited partner dies, his estate does not inherit his partnership interest unless the partnership's

governing documents so provide.  See Burstein at 174-75.

In sum, although the Cooperman estate may be entitled to be treated in some respects as if it were a limited partner for administrative or tax purposes, it enjoys no formal status in this litigation as a limited or general partner in the plaintiff real estate partnerships that would compromise diversity and deprive the court of jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the court has denied Minor's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 18).  More than a year ago, after extensive negotiations, the painful disputes that gave birth to this litigation were settled.  It may be time now for the parties to move on.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge